# UNITED STATES ᴇx ʀᴇʟ. ROBERTSON *v.* BARNARD.

Jᴜsᴛɪᴄᴇs ᴏꜰ ᴛʜᴇ Pᴇᴀᴄᴇ; Aᴘᴘᴇᴀʟᴀʙʟᴇ Oʀᴅᴇʀs; Aᴘᴘᴇʟʟᴀᴛᴇ Pʀᴀᴄᴛɪᴄᴇ.

An order of a justice of the peace quashing a writ of attachment upon motion of the defendant in a cause pending before him is an interlocutory order, and not appealable to the supreme court of the District of Columbia while the action remains undisposed of before the justice.

No. 183. Original. Submitted April 8, 1904. Decided May 24, 1904.

Hᴇᴀʀɪɴɢ on a petition to this Court for the writ of mandamus to a justice of the Supreme Court of the District of Columbia, to compel him to hear and determine a cause appealed to that Court from a justice of the peace.                    *Denied.*

The Cᴏᴜʀᴛ in the opinion stated the case as follows:

The petitioner, Powhatan W. Robertson, prays for a writ of mandamus to Mr. Justice Barnard, holding a special term of the supreme court of the District of Columbia, to compel him to take jurisdiction of, and grant a trial to, petitioner in a cause appealed to said court from a justice's court.

It appears from the petition and return that petitioner had instituted a suit in the justice's court against one Southerland, and procured the levy of a writ of attachment upon certain chat-

tels of the defendant, and that said writ had been quashed by the justice of the peace upon defendant's motion. The action for the debt remaining undisposed of, the plaintiff took an appeal to the supreme court of the District from the order quashing the attachment. In that court, Mr. Justice Barnard presiding, a motion to dismiss the appeal was sustained on the ground that the order appealed from was not an appealable one.

Plaintiff took an appeal therefrom to this court, which was also dismissed on November 5, 1903, for the reasons given in the opinion then filed. *Robertson* v. *Southerland,* 22 App. D. C. 595. Without intimating any opinion in respect of the appellant's right to appeal from the order of the justice's court, it was suggested that, owing to the peculiar conditions of the case, the only way in which the question could be brought before us for review would be by a petition for mandamus to compel the court to take jurisdiction in the premises.

This petition is the result of that suggestion, and presents the question whether an order of a justice of the peace quashing a writ of attachment can be appealed from.

*Mr. Leo Simmons* for the petitioner.

*Mr. Henry E. Davis* and *Mr. Edward B. Kimball* for the respondent.

Mr. Justice SHEPARD delivered the opinion of the Court:

The petitioner's contention is that it [the order appealed from] is a final order within the meaning of § 30 of the Code, which reads thus: "Where the debt or demand or the value of personal property claimed exceeds five dollars  *  *  * either party who may think himself aggrieved by the judgment or other final order of a justice of the peace may appeal to the supreme court of the District."

Notwithstanding the order in question may have some of the elements of finality, we agree with the learned justice, whose action is sought to be controlled, that it is not a final order within

the contemplation of § 30.    That section must be construed in the light of other statutes, existing at the time and re-enacted in the Code, and of the settled practice of the courts under the operation of the said statutes.

Orders dissolving attachments, though possessing some of the elements of finality, as has been conceded, have always been regarded as interlocutory, and not final.    The practice was settled and unquestioned.    When the court of appeals was created it was deemed advisable to vest it with the jurisdiction to entertain appeals from interlocutory orders of the supreme court of the District.    From those of a certain character the right of appeal was made absolute; from all others the allowance of the appeal was subject to the discretion of the appellate court.    In those of the first class orders dissolving writs of attachment are specially enumerated.    See act approved February 9, 1893 (D. C. Code, § 226).

No similar provision is found in the Code relating to appeals to the supreme court of the District from justice's courts.    In that chapter, however, a special provision is made for the trial of issues between the plaintiff in the writ and a claimant of the attached property who is not a defendant in the action.    These are given the standing of suits between the respective parties, to be tried as such (Code, §§ 33, 34) ; and appeal from judgments that may be rendered therein is expressly provided for.    Code, § 35.    In the chapter of the Code relating to attachments issued out of the supreme court of the District provision is also made for trials of issues between the claimant of attached property and the parties to the action.    § 462.    And these may be tried separately (§ 462), or at the same time with all the issues of the action, "as the convenience of the court may require."    § 475. It is to be remarked that no appeal is specially provided from the orders determining issues between claimants and others, as given from similar orders made by justices of the peace.

This difference may be accounted for by the fact that such orders had been made appealable as interlocutory orders by § 226, referred to above.

Whatever hardship there may be in denying the right of ap-

peal from an order of the kind under consideration from the justice's court to the supreme court in special term, we are constrained to hold that it can be remedied only by additional legislation.

The petition must therefore be dismissed with costs, and it is so ordered. *Petition dismissed.*